**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78075-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| KOKEE VUDA JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 22, 2019 |
| | ) | |

MANN, A.C.J. — Kokee Jones was sentenced to 161 months confinement for his robbery, burglary, and assault convictions. In 2017, the Supreme Court granted Jones's personal restraint petition (PRP) due to an error in the calculation of his offender score on the assault conviction. On remand, Jones filed a CrR 7.8 motion asking the trial court to reconsider his sentence on all three convictions. The trial court declined Jones's motion and resentenced him on the assault conviction alone. Jones appeals. We vacate the order denying Jones's motion, convert the matter into a PRP, and dismiss that PRP as untimely.

I.

In 2009, a jury convicted Jones of robbery in the first degree, burglary in the first degree, and assault in the second degree. The trial court sentenced Jones to 161

months confinement, which we affirmed.[1] In 2017, the Supreme Court granted Jones's PRP "only as to the calculation of the offender score for the second degree assault conviction." In re Pers. Restraint of Jones, No. 93565-3 (Wash. Aug. 2, 2017).

On remand, Jones filed a motion to vacate judgment under CrR 7.8(c)(2). He argued that his motion was not time barred under RCW 10.70.090(1) because In re the Personal Restraint of Light-Roth, 200 Wn. App. 149, 401 P.3d 459 (2017), held that State v. O'Dell, 183 Wn.2d 680, 697, 358 P.3d 359 (2015) was a significant change in the law. See RCW 10.73.100(6). The trial court denied Jones's motion, corrected the calculation of Jones's offender score on his assault conviction, and resentenced Jones.

## II.

Jones's only argument on appeal is that the trial court erred in not following the mandatory procedures for reviewing his CrR 7.8 motion. This argument is immaterial because the Supreme Court has since held that O'Dell was not a significant change in the law. In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 330, 422 P.3d 444 (2018). Therefore, Jones's untimely motion should have been transferred to this court as a PRP. CrR 7.8(c)(2). Accordingly, we vacate the order denying Jones's motion, convert the matter to a PRP, and dismiss the PRP as untimely.

The petition is dismissed.

_____, ACJ

WE CONCUR:

_____

_____, J.

---

[1] State v. Jones, noted at 162 Wn. App. 1017 (2011).